**No. 50722.**—Protest 116871–K of Charles A. Redden, Inc. (New York).

Opinion by KEEFE, J.   An examination of the record failing to disclose anything sufficient to overcome the action of the collector, which was presumptively correct, the protest was overruled.

**No. 50723.**—Protests 88615–K, etc., of D. Hecht & Co. et al. (San Francisco and Tampa).

Opinion by KEEFE, J.   Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 50724.**—Protests 61539–K, etc., of Balfour, Guthrie & Co., Ltd., et al. (Boston, etc.).

Opinion by KEEFE, J.   Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 50725.**—Protests 55119–K, etc., of Spence Bryson, Inc., et al. (New York).

Opinion by EKWALL, J.   In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein.   (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.)   In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of 'exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries.   The protests were sustained to this extent.

BEFORE THE FIRST DIVISION, NOVEMBER 30, 1945

**No. 50726.**—Protest 58462–K of S. S. Schultz & Co., Inc. (New York).

Opinion by OLIVER, P. J.   At the trial a Government chemist testified that he had analyzed a sample of the merchandise in issue; that it consisted of synthetic phenolic resin cemented to a piece of galalith, the proportions being approximately 80 percent resin and 20 percent galalith; and that the synthetic resin did not serve as a binding agent.   From the record presented and following Abstract 49907, it was held that the mah jong sets in question were properly dutiable as claimed.